IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ELAINE T. ALBERTO,**

       Plaintiff,

vs.                                                               Civ. No. 03-327 ACT

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

       Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand the Administrative Decision filed August 6, 2003. Docket No.13. The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the Court finds that the motion is well taken and will be granted.

**I.  PROCEDURAL RECORD**

Plaintiff, Elaine T. Alberto, filed an application for Social Security disability insurance benefits and Supplemental Security Income (SSI) on May 22, 2001 alleging a disability since March 4, 2001, due to osteoarthritis of her hands and a right parotid tumor excision which results in loss of vision in her right eye. Tr. 67, 69 and 76. Her application was denied at the initial and reconsideration level.

The ALJ conducted a hearing on October 28, 2002. At the hearing, the Plaintiff was represented by an attorney. On November 20, 2002, the ALJ made the following conclusions

according to the sequential analysis set forth in 20 C.F.R.§ 404.1520(a)-(f) and Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993):  the claimant has not engaged in post-onset substantial gainful activity; the Plaintiff's post excision of a right parotid tumor, mild arthritic changes in her hands, mild lateral epicondylitis and mild carpal-tunnel syndrome are considered "severe;" the claimant's impairments do not meet or equal a listed impairment; the claimant's allegations regarding her limitations are not fully credible; the claimant has a residual functional capacity for substantially all of the exertional requirements of light work with the additional restrictions of lifting "10 pounds with her left hand and may use her right hand has a helper to lift more, occasionally" and would be restricted from activities that may require fine vision; the claimant is not able to perform her past relevant work; the Plaintiff's medically determinable impairments do not prevent her from preforming her past relevant work as a telemarketer; and plaintiff is not disabled as defined in the Social Security Act at any time through the date of this decision.  Tr. 18-24.

 The ALJ entered his decision on November 20, 2002.  Thereafter, the Plaintiff filed a request for review.  On February 12, 2003, the Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ.  Tr. 7.  The Plaintiff subsequently filed his Complaint for court review of the ALJ's decision on March 14, 2002.

Plaintiff was born on August 24, 1946.  She has a high school education and a college degree.  Tr. 36 and 103.  During the relevant period, she is considered to be a person of advanced age.  20 C.F.R. §§404.1563(e), 416.963(e).

## II.  STANDARD OF REVIEW

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied correct legal standards.  See

Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." Andrade v. Secretary of Health and Human Svcs., 985 F.2d 1045, 1047 (10th Cir. 1993)(quoting Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir. 1983)(citation omitted)).  A decision of an ALJ is not supported by substantial evidence if other evidence in the record overwhelms the evidence supporting the decision.  See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

In order to qualify for disability insurance benefits, a clamant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity.  See 42 U.S.C. §423(d)(1)(A); see also Thompson, 987 F.2d at 1486.  The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications.  20 C.F.R. § 404.1520(a-f).  The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled.  See Thompson, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show she is not engaged in substantial gainful employment, she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities, her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or she is unable to perform work she had done in the past.  20 C.F.R. §§ 404.1520 and 416.920.  At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience. Id.

### III.  MEDICAL HISTORY

Plaintiff had a right parotid tumor removed on April 5, 2001. When she was discharged she had right-side facial paralysis and vision problems.  Tr. 192.  On July 3, 2001, a physician noted that she was doing well with slow improvement of her face and eyes. Tr. 215.  Plaintiff has osteoarthritis in both her hands.  An x-ray taken on December 28, 2001 showed slight spurring at various interphalangeal joints. There is no erosion or soft tissue calcification.  Tr. 233.  She also has mild lateral epicondylitis[1] and carpal tunnel that was treated conservatively.  Tr. 151 and 213.

## IV. DISCUSSION

Plaintiff asserts that the ALJ's step four finding is not supported by substantial evidence and that the ALJ failed to consider the side effects of Plaintiff's prescriptive medication.

Step Four Analysis.

The ALJ found that Plaintiff retained the residual functional capacity for light exertional level work.  He further found that the Plaintiff was limited in that she is able to "lift 10 pounds with her left hand and may us her right hand as a helper to lift more, occasionally."   Moreover, he found that Plaintiff would be restricted from activities that may require fine vision.  Based upon the testimony of a vocational expert ("VE"), he found that the Plaintiff can perform her past relevant work as a telemarketer.  The telemarketer occupation requires frequent fingering, from 1/3 to 2/3 of the time and frequent visual accommodation, from 1/3 to 2/3 of the time. Dictionary of Occupational Titles, Fourth Ed., Rev. 1991 ¶299.357-014.

Plaintiff contends that the ALJ did not adequately resolve the conflicts between the VE and the information in the DOT.  The Tenth Circuit Court of Appeals has ruled that when a conflict exists

---

[1] Epicondylitis is the inflammation of the projection on a bone or the tissues adjoining the projection on the bone. Dorland's Pocket Medical Dictionary, 23rd Ed. (1982).

4

between VE testimony and the DOT, the ALJ must investigate and elicit a reasonable explanation for the discrepancy before he can rely on the VE testimony. Haddock v. Apfel, 196 F.3d 1084, 1089 (10th Cir. 1999). Effective December 4, 2000, the Social Security Administration issued Social Security Ruling 00-4p ("SSR00-4p"), 65 Fed. Reg. 75759. With respect to occupational information, the ruling provides:

> In making disability determinations, we rely primarily on the DOT...for information about the requirements of work in the national economy. We use these publications at steps 4 and 5 to resolve complex vocational issues.

> If a conflict exists between VE evidence and information in the DOT, SSR 00-4p states:

> Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision of whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, in the record, as to whether or not there is such consistency.

The rule also requires the ALJ to explain in the decision how he resolved the conflict.

In this case, the ALJ did not inquire as to whether there was a possible conflict between the VE's testimony and the DOT. Moreover, it appears there is a conflict. In the hypothetical given to the VE, the ALJ stated:

> If we were to find that this individual has a problem with her dominant right hand. She can write well with the hand but uses it mostly as a helper when lifting or doing physical things. She can lift ten pounds with her left hand only. She has some restriction on vision. Should not work in a position that has, that requires fine vision. [She cannot] constantly use her eyes...[and no strain]. Tr. 62.

As stated previously, the telemarketer occupation requires frequent fingering and frequent visual accommodation. The ALJ erred in not asking the VE to explain the apparent conflict between

5

Plaintiff's functional limitations and the DOT information, nor did the ALJ explain how he resolved the conflict.

<u>Side effects of prescriptive medication</u>.

There is evidence in the record, particularly in the Plaintiff's's testimony at the administrative hearing, indicating that Plaintiff's use of prescribed medication affects her ability to work. At the hearing Plaintiff testified that she took prescribed medications. Tr. 46. She further testified that these medications made her drowsy and that she must sit for ½ hour to an hour after taking the medication and sometimes falls asleep. Tr. 57. The ALJ did not note this evidence and made no findings with regard to it. If the ALJ did not considere this evidence significant or probable, he must explain his reasoning and specifically state why he did not include this evidence in his analysis of Plaintiff's residual functional capacity. <u>Edgar v. Shalala</u>, 859 F. Supp. 521 (D. Kan. 1994); <u>Coleman v. Heckler</u>, 572 F. Supp. 1089 (D. Colo. 1983).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reverse or Remand Administrative Decision is GRANTED for proceedings consistent with this memorandum opinion and order.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**